# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-51222
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CRISTINA ESCARENO-VARELA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1063-ALL

Before SMITH, BARKSDALE and ELROD, Circuit Judges.

PER CURIAM:[*]

Cristina Escareno-Varela (Varela) appeals the 18-month sentence imposed following her guilty plea to importation of marijuana and possession with intent to distribute marijuana. She argues that the district court clearly erred in denying her a minor-role adjustment pursuant to U.S.S.G. § 3B1.2. Varela contends that she was a mere courier who was substantially less culpable than other participants in the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Whether a defendant is a minor or minimal participant is a factual determination reviewed for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). Pursuant to § 3B1.2(b), a district court may decrease a defendant's offense level by two levels if the defendant was a minor participant. An adjustment for a minor role applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2 cmt. n.5.

Varela's ongoing participation in importing multiple kilograms of marijuana provided an indispensable service to the drug-trafficking operation and was essential to its success. See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995); see also United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). Varela exclusively was responsible for transporting the marijuana across the border and insuring that the marijuana was dispatched effectively to its intended recipients in Kansas. Varela additionally was aware that the jalapeño cans contained a type and quantity of illegal narcotics, and she received $40 for each successful crossing. Thus, Varela directly profited from her knowing participation in drug importation activities.

Thus, the district court's finding that Varela was not a minor participant was plausible in light of the record as a whole and therefore not clearly erroneous. See Villanueva, 408 F.3d at 203-04. Accordingly, the judgment of the district court is AFFIRMED.